IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**LOUIS SHEFFIELD, Individually and on behalf of all Others Similarly Situated**                                   **PLAINTIFF**

vs.                          No. 4:19-cv-1030

**STEWART BUILDERS, INC.**                                                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Louis Sheffield, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Stewart Builders, Inc. ("Defendant"), and in support thereof, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Louis Sheffield ("Plaintiff"), both individually and on behalf of all other Pump Operators employed by Defendant at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other Pump Operators lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

4. Plaintiff and the members of the proposed class were misclassified by Defendant as salary/exempt.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to the overtime violations reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

10. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Comal County.

13. Plaintiff was employed by Defendant as a Pump Operator from approximately July of 2017 until January of 2019, when he was promoted to Pump Supervisor. Defendant terminated Plaintiff's employment in March of 2019.

14. Within the relevant time period, Plaintiff was classified by Defendant as exempt from overtime wages and paid a salary and bonuses.

15. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16. Defendant Stewart Builders, Inc., is a Texas for-profit corporation, created and existing under and by virtue of the laws of the State of Texas.

17. Defendant Stewart Builders, Inc. operates under the d/b/a of Keystone Concrete Placement in the State of Texas.

18. Defendant has Keystone Concrete Placement office locations in the Houston, San Antonio and Austin areas.

19. Defendant is a commercial concrete construction company operating in Texas.

20. Defendant operates a website at the following address: http://www.keystoneconcrete.com.

21. Defendant's principal address is 16575 Village Drive, Houston, Texas 77040.

22. Defendant's registered agent for service of process is Donald G. Stewart, 16565 Village Drive, Houston, Texas 77040.

23. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

24. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

25. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

### IV. REPRESENTATIVE ACTION ALLEGATIONS

26. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Pump Operators who were or are employed by Defendant and who are entitled to payment for all of their overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

27. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

28. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Salaried Pump Operators employed within the past three years.**

29. This group includes, but is not necessarily limited to, salaried workers employed by Defendant in Texas. Defendant failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

30. Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds fifteen (15) persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

31. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

32. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

33. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant, which violated the FLSA, including:

    A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

    B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

34. Plaintiff alleges that Defendant failed to paid Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by

the FLSA; Defendant paid Plaintiff and members of the class a salary with no overtime premium.

35. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

36. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

## V. FACTUAL ALLEGATIONS

37. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

38. Within the time period relevant to this case, Plaintiff worked for Defendant as a Pump Operator.

39. Within the time period relevant to this case, Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

40. On average, Plaintiff and other similarly-situated employees worked over sixty (60) hours per week. They did not receive any overtime compensation.

41. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt and paid a salary.

42. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were also paid annual bonuses.

43. Plaintiff and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

44. Upon commencement of work for Defendant, Plaintiff and other similarly-situated employees did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

45. In performing their services for Defendant, Plaintiff and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

46. Plaintiff and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

47. During the course of their employment, Plaintiff and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

48. Plaintiff and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiff and other similarly-situated employees had no ability to hire and fire any employee.

49. Plaintiff and other similarly-situated employees did not have any control of or authority over any employee's rate of pay or working hours.

50. Plaintiff and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

51. Similarly, Plaintiff and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

52. Defendant did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

53. Plaintiff worked for Defendant in various places in Texas, and Defendant's pay practices were the same at all locations.

54. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Pump Operators violated the FLSA.

55. Plaintiff and other Pump Operators for Defendant routinely used hard hats, pump trucks, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

58. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

59. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

60. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

64. Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week, but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

65. Defendant deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

66. Defendant's conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the

FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Louis Sheffield, individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LOUIS SHEFFIELD, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com