# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS SHEFFIELD, Individually and on behalf of all Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-19-1030 |
| STEWART BUILDERS, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Louis Sheffield's (1) motion for conditional certification of a collective action, (Dkt. 9); and (2) motion for approval and distribution of notice and for disclosure of contact information (Dkt. 10). After reviewing the motions, oppositions, replies, relevant exhibits, and applicable law, the court is of the opinion that the motion for conditional certification should be DENIED and the motion for court approved notice and for disclosure of contact information should be DENIED AS MOOT.

## I. BACKGROUND

In this Fair Labor Standards Act ("FLSA") case, Stewart Builders, INC ("Stewart Builders") is a commercial concrete construction company, doing business in the state of Texas under the under the d/b/a Keystone Concrete Placement. Dkt. 1 at 3. Sheffield, a former employee of Stewart Builders, brought this lawsuit individually and on behalf of all other similarly situated employees who may wish to opt into the suit. Dkt. 9. Sheffield worked for Stewart Builders as a salaried pump operator ("Pump Operator") and subsequently as a salaried pump supervisor ("Pump Supervisor"). Dkt. 1. at 3. Sheffield alleges that he and other similarly situated individuals regularly worked over

forty hours per week, were misclassified as exempt from overtime pay, and were paid salaries when they "never agreed that their salary would be sufficient to cover all hours worked." *Id.* at 6. Sheffield further alleges that when he and other similarly situated employees started working for Stewart Builders, they did not sign a contract relating to pay. *Id.* at 7.

In the instant motions, Sheffield seeks an order granting conditional certification under the FLSA, requiring Stewart Builders to disclose all contact information for all similarly situated employees, and permitting distribution of notice of this suit to all similarly situated employees by text, email, physical mail, and posting notice at Stewart Builders' place of business. *Id.* at 10; Dkt.10. Sheffield further requests that the court not require a showing that there are other similarly situated employees who want to opt in. Dkt. 9 at 6.

The motion for conditional certification and the motion for court approved notice and disclosure of contact information are ripe for disposition.

## II. LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207 (a) (2012). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216 (b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically

2

considered class members and must "opt-out" of the suit if they do not wish to participate. *LaChapelle v. Owens–Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in an FLSA collective action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.); *see also Yoakum v.PBK Architects, Inc.*, No. H–10–00278, 2010 WL 4053956, at *3 (S.D. Tex. Oct. 14, 2010) (Miller, J.). Under the *Lusardi* test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id*. at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003); *Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 518-19 (5th Cir. 2010). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Mooney*, 54 F.3d at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

3

The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Hernandez v. Helix Energy Sols. Grp., Inc.*, No. H–18–1588, 2018 WL 6067293, at *2 (S.D. Tex. Nov. 20, 2018) (Rosenthal, J.) (citing *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.)); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL

210008, at *5 (S.D. Tex. Jan. 24, 2007) (Atlas, J.); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012) (Ellison, J.). *But see, e.g.*, *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 767 (S.D. Tex. 2015) (Lake, J.) (not requiring the third element); (*Luvianos v. Gratis Cellular, Inc.*, No. H–12–1067, 2012 WL 6743559 (S.D. Tex. Dec. 28, 2012) (Lake, J.) (same).

### III. Analysis

Although the first two prongs of the conditional certification test are contested, the main issue before the court is whether there is sufficient evidence that other similarly situated employees exist who want to opt into the lawsuit.

**A. Sheffield Has Not Made A Sufficient Factual Showing That Similarly Situated Individuals Want To Opt In.**

Sheffield, in his motion for conditional certification, argues that "[t]his [c]ourt should decline to consider the third . . . element, although Plaintiff has exceeded any evidentiary requirement." Dkt. 9 at 6. Sheffield further argues that courts are moving to reject the third element because "[i]t makes no sense[.]"[1] Dkt. 13 at 1–2. Additionally, Sheffield's declaration alleges that, "[b]ased on my experience talking with other salaried employees . . . . I believe that there are others who would join this lawsuit[.]" Dkt. 9-1 at 4. Sheffield further states that, from his conversations with similarly situated employees, they are paid in the same manner and worked similar hours, regularly working over forty hours per week. *Id.* at 3–4.

---

[1] Sheffield's reply in support of his motion for certification subsequently argues that "[b]etter reasoned cases reject the requirement . . . . It makes no sense[.]" Dkt. 13 at 1–2. Sheffield cites, amongst others, *Luvianos v. Gratis Cellular, Inc.*, No. H–12–1067, 2012 U.S. Dist. LEXIS 1183027, at *15–16 (S.D. Tex. Dec. 10, 2012) (Johnson, J.); *Heckler v. DK Funding*, 502 F. Supp. 2d 777 (N.D. Ill. 2007); and *Miller v. MV Transp., Inc.*, No. 1:18–CV–538–RP, 2019 U.S. Dist. LEXIS 80934, at *13 (W.D. Tex. May 14, 2019). While this court respects the reasoning in these cases, it is not convinced to change its longstanding position requiring the third element.

5

Stewart Builders contends that Sheffield's declaration is insufficient to meet the third prong of the conditional certification test. Dkt. 11. This court agrees with Stewart Builders. This court has consistently required that a plaintiff show that other putative plaintiffs wish to opt into a lawsuit prior to certification. *See Thomas v. Huntleigh USA Corp.*, No. H–16–3648, 2018 WL 560403 (S.D. Tex. Jan. 25, 2018) (Miller, J.) (collecting cases). Under this court's prior decisions, "this court has declined to conditionally certify collective actions when plaintiffs have presented the kind of evidence . . . present[ed] here." *Id.*, at *3 (citing *Shaffer v. M-I, LLC*, No. H–14–2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (Miller, J.) (declining to conditionally certify when one valid consent was filed along with an affidavit stating "[plaintiff] know[s] that others would be interested to learn that they too may recover unpaid back wages from [defendant]"), and *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (declining to conditionally certify when one consent was filed along with an affidavit stating that plaintiff believes there are three other employees who would be interested in joining the suit)).

Sheffield's motion for certification is similar to both *Shaffer* and *Morales*, where a single consent and allegations that others would wish to opt in was insufficient to satisfy the third element of the conditional certification test. *Shaffer*, 2015 WL 7313415, at *4; *Morales*, 2009 WL 2524601, at *3. Here, Sheffield provides only conclusory allegations that he believes others would want to join the lawsuit.

**B.    Sheffield Has Not Shown A Need For Further Discovery To Meet This Requirement.**

Sheffield states that he and "[o]ther salaried Pump Operators . . . . texted each other" in the course of their work. Dkt. 9-1 at 4. He further alleges that he was able to discuss the conditions of his salary and work hours with similarly situated employees. *Id.* at 3–4. In *Yoakum v.PBK*

*Architects*, this court dismissed a motion for conditional certification without prejudice so that a plaintiff could obtain discovery regarding others who were similarly situated. *Yoakum*, 2010 WL 4053956, at *5–6. However, *Yoakum* presented a unique group of attributes, where "in many cases FLSA plaintiffs have worked side-by-side with other potential plaintiffs . . . Yoakum and the other [similarly situated employees] did not work with each other; they each worked at different construction sites." *Id.* at 6. Sheffield, in contrast, has worked with similarly situated employees and has several of their phone numbers, as evidenced by his declaration. Dkt. 9-1; *see Shaffer*, 2015 WL 7313415, at *4 ("finding that because the plaintiff admitted "that he had spoken with his coworkers about the collective action, yet ha[d] only obtained one valid consent to join[,]" it was not "necessary to require precertification disclosure of contact information").

### III. Conclusion

Because Sheffield failed to satisfy the third element of the *Lusardi* test, Sheffield does not meet his conditional certification burden. Sheffield's motion for conditional certification of a collective action (Dkt. 9) is therefore DENIED. Sheffield's motion for approval and distribution of notice and for disclosure of contact information (Dkt. 10) is DENIED AS MOOT.

Signed at Houston, Texas on July 10, 2019.

_____
Gray H. Miller
Senior United States District Judge