# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS SHEFFIELD, Individually and on behalf of all Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-19-1030 |
| STEWART BUILDERS, INC., | § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Louis Sheffield's (1) motion for conditional certification of a collective action (Dkt. 21); and (2) motion for approval and distribution of notice and for disclosure of contact information (Dkt. 22). Also pending before the court are defendant Stewart Builders, Inc.'s ("Stewart") (1) motion to strike the consent of Glenn Gryder (Dkt. 19); and (2) motion to strike the consent of Jereamy Clayton (Dkt. 20). After reviewing the motions, responses, replies, relevant exhibits, and applicable law, the court is of the opinion that Stewart's motions to strike (Dkts. 19, 20) should be DENIED and Sheffield's motion for conditional certification (Dkt. 21) should be GRANTED. The court DEFERS ruling on the motion for approval and distribution of notice (Dkt. 22) as outlined below.

## I. BACKGROUND

Sheffield filed this Fair Labor Standard Act ("FLSA") claim on behalf of himself and those similarly situated on March 20, 2019. Dkt. 1. He filed a motion for conditional certification of an FLSA class (Dkt. 9) and motion for approval and distribution of notice (Dkt. 10) on May 16. In his

motion for conditional certification, Sheffield argued that the court should decline to consider the third element of the traditional test for conditional certification. Dkt. 9. The court, however, as is its custom, required a showing under the third prong and, accordingly, denied Sheffield's motion for conditional certification and denied the motion for approval and distribution of notice as moot. Dkt. 10. It issued that order on July 10, 2019, and it entered a scheduling order on July 23, 2019. Dkt. 10, 17. The scheduling order required that all amendments to the pleadings be made by August 23, 2019. Dkt. 17. The scheduling order indicated that the date to join new parties was "N/A." *Id.* Sheffield filed consents to join a collection action by Glenn Gryder and Jereamy Clayton on August 12, 2019. Dkt. 18. Stewart moved to strike both consents on August 15, 2019. Dkts. 19, 20. Sheffield filed his second motion for conditional certification and his second motion for approval and distribution of notice on August 15, 2019. Dkts. 21, 22. The motions to strike and motions for certification and approval are all ripe for disposition.

## II. MOTIONS TO STRIKE

Stewart files its motions to strike pursuant to Federal Rule of Civil Procedure 12(f), arguing that the consents are "impertinent" to the court's previous order. Dkts. 19, 20. It also argues that the court has already denied conditional certification and entered a scheduling order stating that new parties cannot be joined. Dkts. 19, 20. Additionally, it contends that the factors courts typically apply to untimely filed consents support exclusion of these consents. Dkts. 19, 20.

Sheffield argues that Rule 12(f) applies to striking pleadings, not consents. Dkts. 24, 25. It also contends that even if the court were to apply the rule, Stewart has not made the requisite showing of prejudice. Dkts. 24, 25. Sheffield contends that no deadlines have passed that preclude the participation of Clayton and Gryder, pointing out that the consents were filed on August 12, and

the scheduling order permitted amendments to the pleadings through August 23. Dkts. 24, 25. With regard to the argument that the scheduling order did not allow new parties, Sheffield argues that joinder is not the same as participating in a collective action. Dkts. 24, 25. Sheffield points out that the court denied its motion for conditional certification without prejudice. Dkts. 24, 25. Finally, Sheffield argues that the factors courts consider when determining whether to permit consents after the deadline weigh in favor of permitting the consents here. Dkts. 24, 25.

In reply, Stewart argues that the court's scheduling order stated "N/A" on the blank for the deadline to add new parties and Sheffield has exhibited no good cause for amending that schedule. Dkts. 26, 27. It additionally contends that the court has inherent power to strike the consents and that the caselaw Sheffield cites to support joining new parties relates to joining parties under Rules 19 and 20, not adding opt-in plaintiffs in an FLSA collective action. Dkts. 26, 27. Stewart also argues that tripling the size of the case by allowing Gryder and Clayton to join is detrimental to the concept of judicial economy. Dkts. 26, 27.

The court denied the motion for conditional certification on July 10, and the parties filed a joint discovery/case management plan under Rule 26(f) on July 19. In that plan, the parties stated that they did not anticipate any additional parties would be included other than "individual who may opt-in to this case." Dkt. 16. Thus, when the court entered its scheduling order on July 23, it entered "N/A" for the deadline to add new parties. Dkt. 17. This entry made perfect sense at the time because on the date the scheduling order was entered it appeared there would be no opt-in plaintiffs. Now, Sheffield has filed a renewed motion to certify and has two individuals who would like to opt in to the lawsuit. The court finds that (1) it has inherent power to strike the consents, if it finds striking appropriate; but (2) it is best to treat the current issue as a motion to amend the scheduling

order. The court agrees with Sheffield that Rule 12(f) does not apply. Under Rule 12(f), a "court may strike *from a pleading* an insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The consents are clearly not part of the pleading.

When a court sets a deadline pursuant to a scheduling order and the deadline has passed, courts in the Fifth Circuit apply Rule 16(b)(4) to determine whether leave for a modification to the scheduling order should be granted. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause for modification exists, courts considering whether to allow an amendment to a pleading consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (citations, quotations, and alterations omitted). Here, the court is not considering an amendment to a pleading, but it finds that the factors of (1) explanation; (2) importance; (3) potential prejudice; and (4) availability of a continuance to cure prejudice are equally applicable.

The court finds that there is good cause to modify the scheduling order to make room for opt in FLSA plaintiffs. While the explanation is lacking, it is clearly an important modification as there are two individuals who would like to opt into the lawsuit. The potential prejudice is minimal as the consents were filed shortly after the court issued its order and before the deadline for amendments to pleadings, and the delay in the case—should to court decide to allow the case to proceed collectively at this point—is not significant since the case was originally filed as a collective action anyway. The motion to strike the consents is DENIED.

4

### III. MOTION FOR CONDITIONAL CERTIFICATION

**A.    Legal Standard**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207 (a) (2012). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216 (b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt-out" of the suit if they do not wish to participate. *LaChapelle v. Owens–Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in an FLSA collective action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana*, *L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.); *see also Yoakum v.PBK Architects, Inc.*, No. H–10–00278, 2010 WL 4053956, at *3 (S.D. Tex. Oct. 14, 2010) (Miller, J.). Under the *Lusardi* test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id*. at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any

submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003); *Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 518-19 (5th Cir. 2010). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Mooney*, 54 F.3d at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes

obvious that manageability concerns make collective action impossible." *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Hernandez v. Helix Energy Sols. Grp., Inc.*, No. H–18–1588, 2018 WL 6067293, at *2 (S.D. Tex. Nov. 20, 2018) (Rosenthal, J.) (citing *Maynor v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.)); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007) (Atlas, J.); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012) (Ellison, J.). *But see, e.g.*, *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 767 (S.D. Tex. 2015) (Lake, J.) (not requiring the third element); (*Luvianos v. Gratis Cellular, Inc.*, No. H–12–1067, 2012 WL 6743559 (S.D. Tex. Dec. 28, 2012) (Lake, J.) (same).

**B.    Analysis**

Sheffield seeks conditional certification of a class of all salaried pump operators from March 20, 2016. Dkt. 21. The court will consider whether he has met the three required elements for conditional certification.

**1.    Reasonable Basis for Concluding That Other Aggrieved Individuals Exist**

Sheffield contends that there is a reasonable basis to believe other aggrieved individuals exist because, as Sheffield states in his declaration, Stewart employed salaried pump operators to help run

its business and Sheffield knew of other salaried pump operators who worked overtime and would like to join this lawsuit. Dkt. 21 & Ex. 1.

Stewart argues that Sheffield "make[s] the bare assertion, without attempting to establish personal knowledge," that Stewart's pay practices are the same for all salaried pump operators. Dkt. 27 (quoting the declarations Sheffield attached to his motion). Stewart notes that Sheffield and the opt-in class members asserted that they had this knowledge because they discussed it with other salaried pump operators, and that Sheffield states he was paid a salary of $85,000 a year plus bonuses, Gryder says he was paid $65,000 a year (when he was switched to salaried), and Clayton says he was paid $65,000 a year (when he was switched to salaried). *Id.* (quoting the declarations). Stewart contends that these statements do not provide a reasonable basis for believing other aggrieved individuals exist because the statements do not necessarily indicate they were not properly paid overtime. *Id.* It argues that more information would be needed to reach the conclusion that other pump operators were not paid overtime and that Sheffield, Clayton, and Gryder never assert that the other pump operators said they were not paid overtime. *Id.* It then argues that in order to establish personal knowledge, Sheffield "would need to first establish that he reviewed the records of the hours worked for all pump operators and second that [he] statistically analyzed those records to reach averages for each pump operator." *Id.* Stewart contends that the "nebulous Declarations alone cannot establish a reasonable basis for believing other aggrieved individuals exist," relying on *Khan v. Cougar Stop, Inc.*, No. H-06-2862, 2007 WL 2777774, at *2 (S.D. Tex. Sep. 21, 2007).

Sheffield asserts that Stewart's argument that Sheffield's allegations do not establish that other aggrieved individuals exist "is ridiculous on its face." Dkt. 29. He contends that the declarations are based on personal knowledge as he and the potential opt in collective action

members "have described their own experiences, their own observations of the class, and the policies of Defendant which resulted in the FLSA violations alleged in this case." *Id.* Specifically, they state that they were paid in the same manner as others in this position, a salary, and no overtime. *Id.*

The court agrees with Sheffield. Three individuals who worked for Stewart in the position described in the proposed collective action class indicate they were paid in the same manner. They stated that they discussed how they were paid with other pump operators. Dkts. 21-1, 21-2, 21-3. This is sufficient for the notice stage; the kind of evidence Stewart is requesting is not practical at the notice stage and is contrary to the remedial purpose of the FLSA. In the case that Stewart cites in support of its position that Sheffield's evidence in insufficient, the plaintiff had submitted only his declaration. *Khan*, 2007 WL 2777774, at *1. The Magistrate Judge noted that at the notice stage the "evidence is limited" and "the standard applied is a lenient one." *Id.* The Magistrate Judge, however, sustained the defendant's objections that the plaintiff's declaration that he knew others were not paid overtime based on discussions with other employees was not based on personal knowledge, lacked foundation, and was conclusory. *Id.* at *2. She then noted that even if the statement were admitted, the plaintiff had not met his burden because he did not identify even one other person by name or description who was employed under the same objectionable terms and conditions. *Id.* Here, there are three workers in the case already, and all three of them state that they have spoken with others who worked in the same position and were paid in the same manner. The court finds this is sufficient, at the notice stage, to show that other aggrieved individuals exist.

### 2. Those Aggrieved Individuals Are Similarly Situated

Sheffield argues that he and the other potential collective action members share the same job title, performed the same job duties, and were subject to the same expectations. Dkt. 21. He cites

to his declaration and the declarations of Clayton and Gryder to support this assertion. Dkt. 21 & Exs. 21-1, 21-2, 21-3. Stewart again argues that the plaintiff does not establish personal knowledge underpinning the statements that other pump operators are similarly situated. Dkt. 27. The declarations indicate that Sheffield, Clayton, and Gryder worked with other salaried pump operators who discussed how they were paid; Stewart contends that this is does not establish that they know the pay structure of *all* pump operators or even most pump operators. *Id.* The court finds that Stewart is again requiring an evidentiary standard not required at the conditional certification stage. The court finds that the three declarations are sufficient to show that there are other aggrieved individuals who are similarly situated.

### 3.    Those Individuals Want to Opt in

The third prong was fatal to Sheffield's original motion because he did not have any evidence that there were actually other individuals who wanted to opt in. Now, there are at least two others. Stewart does not argue that this prong is not met. Dkt. 27.

The court finds that Sheffield has met the lenient standard for conditional certification. Accordingly, Sheffield's motion for conditional certification is GRANTED.

### IV. MOTION FOR APPROVAL AN DISTRIBUTION OF NOTICE

Sheffield moves for approval and distribution of notice and for disclosure of contact information. Dkt. 22. The court has a duty to ensure the notice is fair and accurate. *See Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 700 (S.D. Tex. 2016) (Palermo, J.). The court has reviewed Sheffield's proposed notice and other documents as well as the briefing provided by both parties. Since there is a relatively small group of potential opt-in plaintiffs, the court believes the parties should be able to resolve most of their disputes regarding fair and accurate notice without

court intervention. Accordingly, the court strongly urges the parties to work together to determine the best way to fairly and accurately advise potential collective action members about the lawsuit and the ability to opt in. If, as the court suspects, the parties are able to reach an agreement, Sheffield shall file the agreed notice and proposed order within two weeks of this order. If the parties are, however, unable to reach a complete resolution, Sheffield may submit supplemental briefing, not to exceed five pages, outlining the continued areas of disagreement, within two weeks of this order, and Stewart may file a brief response, not to exceed five pages, within one week of Sheffield's supplemental brief. The court will also consider any already existing briefing on any area or areas of continued disagreement, should the parties not be able to fully agree.

## V. CONCLUSION

Because Sheffield has met the lenient standard required for conditional certification, his motion for conditional certification (Dkt. 21) is GRANTED. Stewart's motions to strike (Dkts. 19, 20) are DENIED. The court DEFERS ruling on Sheffield's motion for approval of notice (Dkt. 22).

Signed at Houston, Texas on October 30 , 2019.

_____
Gray H. Miller
Senior United States District Judge